UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BRENT TAYLOR, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 03-00173 (RMU) |
| | : | | |
| v. | : | Document No.: | 14 |
| | : | | |
| MARION BLAKEY, Administrator, | : | | |
| Federal Aviation Administration | : | | |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

DENYING THE PLAINTIFF'S MOTION FOR DISCOVERY

I. INTRODUCTION

This matter comes before the court on the plaintiff's motion for discovery. Brent Taylor ("the plaintiff") has brought suit against Marion Blakey,[1] Administrator for the Federal Aviation Administration ("the defendant"), pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking design specifications for an antique aircraft the plaintiff possesses called the Fairchild F-45 ("the F-45"). In the motion before the court, the plaintiff seeks discovery on a wide range of subjects, all relating to the plaintiff's underlying FOIA case. Because discovery at this point in the case would be premature, the court denies the motion.

---

[1] The Government notes that "the only proper defendant under the FOIA is the agency rather than a component of any agency" and that the government will move the court to make appropriate substitutions in due course. Def.'s Opp'n to Pl.'s Mot. to Allow Disc. ("Opp'n") at 1 n.1.

## II. BACKGROUND

### A. Factual Allegations and Administrative History

The Fairchild Engine and Airplane Corporation ("FEAC") designed and built the F-45 in 1935 but stopped production just four years later. Mot. for Disc. at 1-2. As required by federal safety regulations, FEAC submitted certain design specifications and technical drawings for the F-45 to the Civil Aeronautics Agency ("the CAA"), the predecessor to the Federal Aviation Administration ("FAA"). *Id*. In exchange for this information, the CAA provided FEAC with a Type Certificate.[2] *Id.*

The plaintiff seeks the information FEAC submitted to CAA for the Type Certificate. Compl. ¶ 6. The plaintiff made his first FOIA request for this information in August 2002. Compl. ¶ 6, Ex. A. In November 2002, after receiving no response to his August letter, the plaintiff appealed the government's "constructive denial" of his request. *Id.* Ex. B. In June 2003, the plaintiff agreed to narrow the scope of his request to F-45 technical drawings in the FAA's possession. Opp'n Ex. A.

On July 7, 2003, the government responded to the plaintiff's narrower FOIA request. *Id.* The government stated that it had located certain technical drawings responsive to the plaintiff's request and had provided the Fairchild Corporation[3] an opportunity to review those documents to

---

[2] The plaintiff alleges that the Type Certificate "is inseparable from the underlying data and specifications submitted to the FAA, just like the deed to a piece of property is not an asset onto its own without the property." Mot. for Disc. at 2.

[3] The plaintiff challenges the relationship between FEAC and the Fairchild Corporation, claiming that "[t]he Fairchild Corporation is mentioned nowhere in the records that are held by the FAA as being connected in any way with the F-45 type certificate." Mot. for Disc. at 3. The court believes that this question – of whether or not the Fairchild Corporation is the proper entity with whom the government should consult regarding the trade secret-status of the Type Certificate – is one that can be resolved, if necessary, in affidavits accompanying the government's motion for summary judgment.

determine if they consented to their release. *Id.* According to the government, the Fairchild Corporation considered the information valuable trade secrets and "strenuously object[ed]" to its release. *Id.* The government therefore denied the plaintiff's FOIA request.[4] *Id.* Ex. A at 2. The plaintiff appealed on July 17, 2003, and the government affirmed its position on October 10, 2003. *Id.* Exs. B (the plaintiff's appeal), C (the government's response).

In February 2003, the plaintiff filed his complaint. That April, the court granted a joint motion for a six-month stay pending the outcome of the defendant's administrative decision. Order of Apr. 28, 2003. After the government issued its final decision in October 2003, the court lifted the stay and the plaintiff filed his motion for discovery, to which the court now turns.

### III. ANALYSIS

#### A. The Court Denies the Plaintiff's Motion for Discovery

#### 1. Legal Standard for Discovery Motions in FOIA Cases

As a general rule, "[d]iscovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." *Schrecker v. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003); *see also Judicial Watch, Inc. v. Dep't of Justice*, 185 F. Supp. 2d 54, 65 (D.D.C. 2002) (noting that "[d]iscovery is not favored in lawsuits under FOIA"). Only if the agency has not undertaken an adequate search for responsive documents is discovery

---

[4] Although the government's denial letter purported to deny the entirety of the plaintiff's request, the government also stated that, should the plaintiff wish to appeal the denial, the plaintiff should indicate that he is appealing a "partial denial." Opp'n Ex. A at 2. The court presumes that, if necessary, this ambiguity will be resolved at a later stage of these proceedings. In any event, the ambiguity is immaterial to the motion before the court.

appropriate. *Schrecker*, 217 F. Supp. 2d at 35. Discovery is not warranted "when it appears that discovery would only . . . afford[ the plaintiff] an opportunity to pursue a bare hope of falling upon something that might impugn the affidavits." *Military Audit Project v. Casey*, 656 F.2d 724, 751-52 (D.C. Cir. 1981) (internal quotations omitted); *see also Broaddrick v. Executive Office of President*, 139 F. Supp. 2d 55, 63-64 (D.D.C. 2001). Where an agency's affidavits regarding its search are sufficient, the judge has broad discretion to forgo discovery. *Meeropol v. Meese*, 790 F.2d 942, 960-61(D.C. Cir. 1986)); *see also Schleeper v. Dep't of Justice*, 1999 WL 325515, at *1 (D.C. Cir. 1999) (per curiam) (upholding lower court's denial of discovery). Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits. *Judicial Watch*, 185 F. Supp. 2d at 65.

### 2. Discovery in This Case Would be Premature

In the exceptional situation where the court permits discovery in a FOIA action, the discovery should only occur *after* the government has moved for summary judgment and submitted its supporting affidavits and memorandum of law. *E.g.*, *Miscavige v. Internal Revenue Service*, 2 F.3d 366, 369 (11th Cir. 1993) (holding that the plaintiff's attempt to "take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable [FOIA] exemptions"); *Krieger v. Fadely*, 199 F.R.D. 10, 14 (D.D.C. 2001) (stating that, in FOIA cases, discovery should "ordinarily occur after the government moves for summary judgment"); *Murphy v. Federal Bureau of Investigation*, 490 F. Supp. 1134 (D.D.C. 1980) (stating that "a factual issue that is properly the subject of discovery can arise only after the government files its affidavits and supporting memorandum of law"). A rationale for waiting for the government's motion and

supporting documents is that, prior to receiving these materials, the court has insufficient information to determine the applicability of the FOIA exemption at issue.  *Miscavige*, 2 F.3d at 369; *see also Founding Church of Scientology of Washington, D.C. Inc. v. United States Marshals Service*, 516 F. Supp. 151, 156 (D.D.C. 1980) (denying a FOIA discovery request and holding that the court will postpone consideration of discovery until the defendant files its motion to dismiss or for summary judgment).

The plaintiff's motion for discovery and accompanying proposed interrogatories seek a vast amount of information, mostly concerning whether the design specifications have actually been remade into a secret.  For example, the plaintiff seeks the FAA's procedure for transferring aircraft certificates; the filing requirements for aircraft certificates; the history of any modifications, transfers, rescissions, or sales of the F-45 certificate; the history of any submissions by Fairchild Corporation relating to the F-45 certificate; the identity of persons at the FAA who can describe the obligations of certificate holders; the steps taken from 1955 to protect the secrecy of F-45 information; and the records of persons given access to information concerning the F-45 certificate.[5]  Mot. for Disc. Interrogs. at 1-3.

When considered in the context of the plaintiff's underlying case, the plaintiff's request for this information does not warrant departure from the well-settled rule that discovery in FOIA cases should be a rare exception.  The plaintiff argues that "the court [needs to] be satisfied that

---

[5]  The plaintiff makes further requests in his "supplemental" and "second supplemental" interrogatories, including requests for information on: what the FAA Administrator would require to be produced if the Administrator asked for the holder of the F-45 certificate to produce the certificate; whether the Administrator has requested the current holder of the F-45 certificate to produce the certificate and, if so, the nature of that request; agency policies and procedures regarding waiver of secrecy, including documents and memoranda conforming with such policies and procedures; and the identity of persons knowledgeable of certain filing procedures and the policies and procedures involved in "reclaiming secrets."  Mot. for Disc. Supplemental Interrog., Second Supplemental Interrog.

the materials have been actually remade into a secret[.]" Mot. for Disc. at 8.  The court's ultimate resolution of the complaint may very well look into whether the materials are or are not a secret, for presumably this question would be important in determining whether the government properly invoked FOIA's trade-secret exemption.  Such questions, however, can be dealt with *after* the government has submitted its motion for summary judgment and supporting documents.[6]  *Miscavige*, 2 F.3d at 369.  Accordingly, the court denies the plaintiff's motion for discovery.

### IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for discovery.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of August, 2004.

RICARDO M. URBINA
United States District Judge

---

[6] The plaintiff states that "[t]he discovery is aimed at the *basis* for the FAA's decision with regard to these particular documents in view of what has taken place with them since 1955."  Mot. for Disc. at 9.  The court notes that it generally cannot order an inquiry into an agency's thought processes for claiming particular FOIA exemptions.  *Ajluni v. FBI*, 976 F. Supp. 599, 608 (N.D.N.Y. 1996); *Murphy v. FBI*, 490 F. Supp. 1134, 1136 (D.D.C. 1980).