UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BRENT TAYLOR, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 03-0173 (RMU) |
| | : | | |
| v. | : | Document No.: | 42 |
| | : | | |
| MARION BLAKEY, | : | | |
| Administrator, | : | | |
| Federal Aviation Administration *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING THE PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND
RENDERING SANCTIONS INAPPROPRIATE

**I.   INTRODUCTION**

The plaintiff, Brent Taylor, brought suit against the Federal Aviation Administration ("FAA") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking design specifications for the Fairchild F-45 ("the F-45"), an antique aircraft. Thereafter, the defendants filed a motion for summary judgment, wherein the defendants argued that res judicata bars this case because Greg Herrick litigated and lost an identical FOIA request in *Greg Herrick v. Jane Harvey*, 200 F. Supp. 2d 1321 (D. Wyo. 2000), *aff'd*, 298 F.3d 1184 (10th Cir. 2002). Because Herrick and Taylor share, among other things, identical interests and a close relationship, Herrick was Taylor's "virtual representative" in *Herrick v. Harvey* so as to preclude the instant case. Accordingly, on May 12, 2005, the court granted summary judgment to the defendants. Because this case directly violated res judicata principles, the court ordered the plaintiff to show cause why he and his lawyer should not be required to pay the attorney's fees that the defendants incurred in this litigation.

This matter comes before the court on plaintiff Taylor's "memorandum in support of the showing why the plaintiff believes the court's decision is wrong and why sanctions are inappropriate" ("Mot."). By way of minute order, on May 31, 2005, the court construed the plaintiff's filing as a motion for reconsideration of its grant of summary judgment to the defendants. Because the plaintiff has failed to demonstrate any of the six factors justifying relief from judgment, the court denies the plaintiff's motion for relief from judgment.

## II.  BACKGROUND[1]

The plaintiff is a mechanic who restores vintage aircraft. Def.-Intervenor Fairchild's Statement of Material Facts ("Fairchild's Statement") ¶ 1. He is also the president of the Antique Airplane Association, which is dedicated to the preservation of vintage aircraft and aviation heritage. Compl. ¶ 2. In August 2002, the plaintiff wrote to the FAA requesting information (including plans, blueprints, specifications, engineering drawings and other data) concerning a 1935 F-45 aircraft manufactured by the Fairchild Engine and Airplane Corporation ("FEAC"), Fairchild's predecessor entity.[2] Fairchild's Statement ¶ 9. FEAC produced about twelve F-45 aircraft, of which only two survive. Pl.'s Mot. for Disc. at 1, 4. In November 2002, after receiving no response to his August letter, the plaintiff appealed the government's non-response.

---

[1]  As the court stated in its May 12, 2005 memorandum opinion, because the plaintiff did not submit a statement of disputed material facts in his opposition to the defendants' motions, "the court may assume the facts identified by the moving party in its statement of material facts are admitted." Mem. Op. (May 12, 2005) at 2 n.1 (citing LCvR 7(h)). Accordingly, the court will cite to Fairchild's statement of material facts.

[2]  The Federal Aviation Administration ("FAA") possesses this information because federal safety regulations required the Fairchild Engine and Airplane Corporation ("FEAC") to submit certain design specifications and technical drawings for the F-45 to the Civil Aeronautics Agency, the predecessor of the FAA. Def.-Intervenor Fairchild's Statement of Material Facts ("Fairchild's Statement") ¶ 3.

Fairchild's Statement ¶ 10.  On February 2003, still without the information he sought, the plaintiff filed the instant complaint.[3]

In 1997, well before the inception of this case, Greg Herrick – an owner of the F-45 and a "close associate" of the plaintiff – submitted a FOIA request to the FAA for the same information that the plaintiff now seeks.  *Id.* ¶¶ 2-4, 9.  The FAA denied Herrick's request on the basis that the information was a trade secret and thus exempt from FOIA disclosure.  *Id.* ¶ 6.  Herrick brought suit in U.S. District Court for the District of Wyoming to challenge the FAA's invocation of the trade-secret exemption.  *Id.* ¶ 8; *see also Herrick*, 200 F. Supp. 2d at 1322-23 (noting that Herrick "seeks to compel the agency to disclose certain technical drawings and other data provided to the agency by the Fairchild Aircraft Corporation in 1935 in connection with its 'Application for Approved Type Certificate' for an aircraft known as the Fairchild F-45").

In the lower court proceedings of *Herrick v. Harvey*, Herrick represented that he was "interested in the preservation of antique aircraft" and possessed a "1936 F-45 originally built by Fairchild Engine and Airplane Corporation."  *Herrick*, 200 F. Supp. 2d at 1322-23.  The district court granted summary judgment to the FAA, upholding the FAA's application of the trade-secret exemption.  *Id.* at 1329.  Herrick appealed, arguing that (1) the documents no longer constituted a trade secret because the FAA had not shown that Fairchild owned the documents, (2) the documents lost secret status when Fairchild granted the FAA permission to release the documents to the public in 1955, and (3) Fairchild's new refusal to release the documents did not restore the exempt status of the documents because, again, Fairchild did not own the documents.  *Herrick v. Harvey*, 298 F.3d 1184, 1190 (10th Cir. 2002).

---

[3] Fairchild Corporation moved to intervene as a defendant in this case, and the court granted its motion on November 15, 2004.  *Id.*

The Tenth Circuit affirmed the lower court, holding that Fairchild did, in fact, own the documents. *Id.* at 1191. Furthermore, the court held that the documents lost secret status when Fairchild granted the FAA permission to release the documents to the public in 1955. *Id*. Significantly, however, the court noted that Herrick "has not challenged the legal conclusion that it might be possible for [Fairchild] to revoke the permission to loan the documents to the public or that such a revocation would restore the secret nature of the documents." *Id.* at 1194 n.10. Thus, the court "decline[d] to overturn the district court's judgment on a point that the plaintiff has failed to challenge on appeal." *Id.*

On May 12, 2005, this court granted the defendant and the defendant-intervenor's motions for summary judgment, concluding principally that because the plaintiff's and Herrick's lawsuits are identical, and because the plaintiff and Herrick are in legal privity, the doctrine of res judicata bars the plaintiff's complaint. Mem. Op. (May 12, 2005) at 7-13. Specifically, the court stated that:

> the court is left with two individuals who are quite fond of antique aircrafts and the historical preservation thereof, who are members of the same antique aircraft association, who keep apprised of each other's litigation, and who successively used the same lawyer to seek identical information regarding an exceedingly rare aircraft that Herrick happens to own and Taylor has agreed to repair. These facts, coupled with the plaintiff's total failure to present a scintilla of evidence in his favor, firmly establish an identity of interests, a close relationship between the parties, and Taylor's apparent acquiescence in Herrick's litigation. Furthermore, the parties essentially identical interests – not to mention their use of the same lawyer – establishes adequacy of representation[.]

The plaintiff filed a memorandum, which the court construed as a motion for reconsideration. Minute Order (May 31, 2005). The plaintiff's motion, in substance, is two pronged. First, the plaintiff seeks relief from this court's order granting the defendants' motions for summary judgement. Second, the plaintiff responds to the court's show cause order directing

the plaintiff to show cause why he and his counsel should not pay the defendants' and defendant-intervenor's costs.  The court addresses these issues in turn.

### III.    ANALYSIS

#### A.    Relief Under Federal Rule of Civil Procedure 60(b)[4]

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b).  FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986).  First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b).  Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable.  *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993).  Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence.  FED. R. CIV. P. 60(b).  Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party.  *Id.*; *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957).  Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted).  Fourth, the court may grant relief where the judgment is "void."  FED. R. CIV. P. 60(b).

---

[4] Defendant FAA has filed a response to the plaintiff's motion for relief from judgment urging the court to apply the legal standard applicable for motions brought pursuant to Federal Rule 59(e).  Because the plaintiff's motion was filed greater than 10 days following the court's memorandum opinion, this court applies Federal Rule 60(b), rather than Federal Rule 59(e) as the defendant incorrectly urges.

A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.*, 507 U.S. at 393.

A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id*. The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### B. The Court Denies the Plaintiff's Motion for Relief from Judgment

In support of his motion for relief from judgment, the plaintiff characterizes the court's ruling to mean "in essence, that information, although potentially not falling within Exemption 4, is nevertheless unavailable to certain members of the public who may happen to know Mr. Herrick or his counsel." Mot. at 3. The court's memorandum opinion was incorrect, the plaintiff

argues, because the opinion "placed the material sought into some undefined protected status for certain members of the public by applying *res judicata* to waiver of an issue which the Herrick Court stated was undecided and based merely on assumption for the purpose of that case alone." *Id.* at 5. The court's role in addressing a motion for relief from judgment is not to clarify its original determination. Nonetheless, the plaintiff has mis-characterized the court's May 12, 2005 memorandum opinion.

For the reasons more fully set forth in the court's May 12, 2005 memorandum opinion, the court dismissed the plaintiff's complaint because a sister district court in Wyoming had previously ruled on the identical issues presented here, and because the plaintiff was in legal privity with the losing litigant in the case in Wyoming. *See* Mem. Op. (May 12, 2005). The doctrines of res judicata and claim preclusion bar repetitious litigation involving the same action or the same issues, *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983), and brought by a "party or their privies," *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002). The plaintiff does not argue that this court erred, save to repeat the same arguments previously argued, and rejected, by this court. The plaintiff, for example, argues that "[t]he defendants in raising and insisting on application of *res judicata* to that case have urged this Court to turn a blind eye to the *Herrick* court's actual finding, and instead focus the Court's attention only on the un-raised and undecided waiver argument which the 10th Circuit explicitly stated was based on assumption for the purpose of that case alone." Mot. at 6. This court previously rejected this argument, however, when it stated that

> the plaintiff's main substantive challenge to the defendants' motion is to cite as a disputed material fact the unresolved *legal* issue that his own lawyer failed to raise on appeal in Herrick's case. That meritless argument has no bearing on res judicata; rather, it simply strengthens the court's belief that the plaintiff seeks to accomplish

7

precisely what the doctrine forbids.

Mem. Op. (May 12, 2005) at 13 (emphasis in original). What's more, for the court to adopt the plaintiff's rationale, it would be rejecting the doctrine of res judicata on the grounds that the Tenth Circuit declined to upset the district court's determination due to the plaintiff's failure to raise the issue on appeal. Herrick's failure to raise an issue on appeal cannot be the caisson for his privy to carry an already dead legal issue to this court. The doctrine of res judicata, as this court explained in its December 12, 2005 memorandum opinion, precludes such an eventuality. *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (stating that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action").

The plaintiff is not entitled to a revision of the court's ruling simply because he disagrees with it. His only recourse is to demonstrate "mistake, inadvertence, surprise, or excusable neglect . . . newly discovered evidence . . . fraud . . . [a] void judgment," that the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application," or for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b). Because the plaintiff's motion fails to demonstrate any of the bases for relief from judgment, the court denies his request.

### C. Legal Standard for Rule 11 Sanctions

Under Federal Rule of Civil Procedure 11, the court may impose sanctions on attorneys or unrepresented parties if "a pleading, written motion, or other paper . . . [is] presented for any improper purpose[;] . . . the claims, defenses, and other legal contentions therein are

[un]warranted by existing law[;] . . . the allegations and other factual contentions have [no] evidentiary support[; or] the denials of factual contentions are [un]warranted on the evidence[.]" FED. R. CIV. P. 11(b).  There are procedural and substantive requirements set forth in the Rule that must be met before a court may impose sanctions.  *See Edmond v. United States Attorney*, 959 F. Supp. 1, 5 (D.D.C. 1997); *see generally* 2-11 Moore's Federal Practice § 11.23 (2004).

Rule 11 mandates that sanctions be imposed only "after notice and a reasonable opportunity to respond[.]" FED. R. CIV. P. 11(c); *see also Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 92 (2d Cir. 1999) (discussing the due process requirements prior to imposing sanctions that "a sanctioned attorney must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter").  Rule 11 also requires that "[a] motion for sanctions . . . shall be served [on the opposing party] . . . and shall not be filed unless, within 21 days after service of [such] motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." FED. R. CIV. P. 11(c)(1)(A); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (holding that the court was precluded from granting the plaintiff's Rule 11 sanctions motion because the plaintiff failed to serve the motion on the defense counsel, which deprived the defense counsel of the 21 day safe harbor to withdraw or correct the alleged offending conduct); *U.S. v. BCCI Holdings (Luxembourg), S.A.*, 176 F.R.D. 1, 2 (D.D.C. 1997) (concluding that "the government's letter to petitioners' counsel [was] too tentative to provide the functional equivalent of 'safe harbor' notice").

Rule 11 also requires that a motion for sanctions be filed separately from other motions or requests and describe the specific conduct that is allegedly deserving of sanctions.  FED. R. CIV.

P. 11(c)(1)(A); *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1323, 1328 (2d Cir. 1995) (denying a request for sanctions that the movant included in his motion to dismiss); *S.E.C. v. Rivlin*, No. 99-1455, 1999 WL 1455758, at *6 (D.D.C. 1999) (denying Rule 11 sanctions because the motion was added to the end of the amended answer).

As for the substantive requirements of Rule 11, the court applies "an objective standard of reasonable inquiry on represented parties who sign papers or pleadings." *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises*, 498 U.S. 533, 554 (1991). The imposition of Rule 11 sanctions is not something the court takes lightly; Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings. *Trout v. Garrett*, 780 F. Supp. 1396, 1428 (D.D.C. 1991) (noting that "the blunt instrument of sanctions against individual attorneys ought to be applied with restraint"). When a party's motion is "sufficiently well grounded and warranted by existing law," the party's failure to sustain his or her burden of proof on the motion "does not ipso facto violate the standards of Rule 11." *Bantefa v. Tyson*, No. CIV.A. 84-3937, 1987 WL 8710, at *1 (D.D.C. 1987) (denying the defendant's motion for sanctions that was filed in response to plaintiff's unsuccessful motion for relief from judgment). Similarly, where a party's "request for a stay of proceedings is based upon good faith assessments and due diligence efforts," sanctions are inappropriate under the substantive requirements of Rule 11. *Edmond*, 959 F. Supp. at 5 (finding that there was a lack of malicious motive in the defendant's request for a stay of the proceedings). On the other hand, a district court does not abuse its discretion when it imposes Rule 11 sanctions against a defendant whose counterclaims are designed primarily to harass the plaintiff. *Marina Mgmt. Services, Inc. v. Vessel My Girls*, 202 F.3d 315, 325 (D.C. Cir. 2000) (finding sanctionable a defamation counterclaim "which included allegations not

necessarily integrally linked to the legitimacy of the debt recovery action"); *see also Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 43-44 (D.C. Cir. 1990) (affirming the district court's finding that the defendant "failed to make a reasonable inquiry into the factual basis of the amended complaint" and upholding the imposition of Rule 11 sanctions).

The court also has the authority to impose Rule 11 sanctions sua sponte. FED. R. CIV. P. 11(c)(1)(B). This inherent power, as the D.C. Circuit recognized, "guard[s] against abuses of the judicial process." *Shepherd v. Am. Board. Co.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995). In this regard, Rule 11 serves the purpose of protecting the court from "frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (quoting *Cobell v. Norton*, 157 F. Supp. 2d 82, 86 n.8 (D.D.C. 2001)). If the court determines that the motive and intent of the offending party is to harass the other party, or that a party has otherwise violated Rule 11(b), it has the inherent power to consider a Rule 11 sanctions motion sua sponte by issuing an order directing the offending party to show case why it has not violated Rule 11(b). FED. R. CIV. P. 11(c)(1)(B); *see McLaughlin v. Brandlee*, 602 F. Supp. 1412 (D.D.C.1985), *aff'd* 803 F.2d 1197 (D.C. Cir.1986). When exercising its discretion and imposing sanctions sua sponte, the court is not required to provide the party with the safe harbor period, as is required in Rule 11(c)(1)(A). *Compare* FED. R. CIV. P. 11(c)(1)(B) (containing no explicit safe harbor provision) *with* FED. R. CIV. P. 11(c)(1)(A) (containing an explicit safe harbor provision); *see, e.g., Elliot v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (distinguishing between the safe harbor required when sanctions are requested by motion and the absence of the safe harbor requirement when the court is acting sua sponte). The court further notes that a frivolous Rule 11 sanction

motion may itself be a violation of Rule 11.  FED. R. CIV. P. 11.

Finally, this court has the "discretion to determine both whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation." *Cobell*, 211 F.R.D. at 10 (citations omitted).  This court's grant or denial of a Rule 11 motion for sanctions is reviewed under an abuse of discretion standard.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Geller*, 40 F.3d at 1303.

### D. The Court Determines that Sanctions are not Appropriate

The defendant-intervenor moved the court to sanction the plaintiff and his counsel. Fairchild's Mot. for Summ. J.  But, because the law requires that motions for sanctions be filed independent of other motions or request, the court sua sponte ordered the plaintiff to show cause why sanctions should not be imposed pursuant to Rule 11(c)(1)(B) of the Federal Civil Procedure Rules.  Mem. Op. (May 12, 2005) at 13.

Procedurally, the court may impose sanctions only "after notice and a reasonable opportunity to respond[.]" FED. R. CIV. P. 11(c).  On May, 12, 2005, the court provided the plaintiff with the requisite notice by ordering the plaintiff to "show cause by June 1, 2005, why he and his lawyer should not split the costs of defendant-intervenor Fairchild and defendant FAA." Mem. Op. (May 12, 2005) at 14.  In response, on May 31, 2005, the plaintiff filed a "memorandum in support of the showing why the plaintiff believes the court's decision is wrong and why sanctions are inappropriate," which, in additional to containing a motion for relief from judgment, responded to the court's show cause order.  *See* Mot. to Reconsider at 6-8.

Sanctions are appropriate if, *inter alia*, "the claims, defenses, and other legal contentions therein are [un]warranted by existing law." FED. R. CIV. P. 11(b).  The plaintiff argues that

sanctions are inappropriate, however, because he "feels that neither he nor his attorney should be limited because someone else may have waived a possible argument in a related case." Mot. at 7. Contrary to the plaintiff's assertion, however, Herrick is not simply "someone else." *Id.* Rather, he is in privity with the plaintiff in this case. Mem. Op. (May 12, 2005) at 8. Furthermore, contrary to the plaintiff's contention that the "someone else *may have* waived a possible argument," Mot. at 7, the Tenth Circuit unambiguously held that the court "decline[s] to overturn the district court's judgment on a point that the plaintiff has failed to challenge on appeal." *Herrick v. Harvey,* 298 F.3d 1184, 1194 n.10 (10th Cir. 2002).

      The plaintiff and Herrick's lawsuits are identical, and the plaintiff and Herrick are in privity. Mem. Op. (May 12, 2005) at 7-8. For this reason, the doctrine of res judicata quite simply precludes the plaintiff's case in this court. The court concludes that the lawsuits are identical, Herrick and the plaintiff are in privity, and no supervening change in the law has occurred, and the court wonders how plaintiff's counsel does not know that the plaintiff's claims are "unwarranted by existing law," the requisite for the imposition of sanctions under Rule 11. FED. R. CIV. P. 11(b).

      Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings, *Trout*, 780 F. Supp. at 1428, and are properly imposed for litigation which "vexatiously multipl[ies] the proceedings," *Cobell*, 211 F.R.D. at 10. Nevertheless, the court hesitatingly determines that plaintiff's counsel has not reached the threshold of sanctionable behavior, though he has come adoringly to its doorstep.

      Plaintiff's counsel is correct that he should be free to "diligently and zealously pursue the interests of his client within the bounds of the law." Mot. at 7-8. In this instance, however, his

zeal fostered carelessness, which took him to the edge of acceptability, and to the brink of an unpleasant rendezvous with Rule 11.

### IV.   CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for relief from judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of February, 2006.

                                         RICARDO M. URBINA
                                         United States District Judge