**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRENT TAYLOR, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   03-0173 (RMU) |
| | : | |
| v. | : | Re Document No.:  60 |
| | : | |
| J. RANDOLPH BABBITT, Administrator, | : | |
| Federal Aviation Administration, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION TO ALLOW DISCOVERY**

**I.  INTRODUCTION**

This matter comes before the court on the plaintiff's renewed motion for discovery. The plaintiff commenced this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking to compel the Federal Aviation Administration ("FAA") to disclose design specifications for an antique aircraft called the Fairchild F-45. The Fairchild Corporation, the alleged record owner of the F-45 design specification, has intervened as a defendant. The plaintiff now seeks discovery related to his underlying FOIA request. Because discovery is not warranted at this time, the court denies the plaintiff's motion without prejudice to reconsideration of a renewed motion filed after the defendants have moved for summary judgment.

**II.  FACTUAL & PROCEDURAL BACKGROUND**

The facts underlying this dispute are set forth in a prior memorandum opinion. *See* Mem. Op. (May 12, 2005). On January 5, 2004, the plaintiff filed a motion to allow discovery. *See* Pl.'s 1st Mot. for Disc. Through his motion, the plaintiff sought information related to whether

the requested F-45 design specifications were actually maintained as a trade secret, as asserted by the FAA. *Id.* The court denied the plaintiff's motion, holding that discovery in the FOIA action was unwarranted before the government filed its motion for summary judgment. *See* Mem. Op. (Aug. 12, 2004). On November 15, 2004, the Fairchild Corporation intervened as a defendant. *See* Mem. Order (Nov. 15, 2004). Subsequently, on January 10, 2005, the defendants filed a motion to dismiss or, in the alternative, for summary judgment, arguing that claim preclusion barred the plaintiff's action because, under the doctrine of "virtual representation," the plaintiff was in privity with a plaintiff that had previously initiated a similar action in the Tenth Circuit. *See* Defs.' Mot. for Summ. J. at 12-21. The defendants also argued that the materials requested by the plaintiff were exempt from disclosure pursuant to the trade secret exemption of FOIA ("Exemption 4"). *Id.* at 22-36.

The court granted the defendants' motion for summary judgment, concluding that the action was barred by the doctrine of claim preclusion. *See* Mem. Op. (May 12, 2005). Consequently, the court declined to pass on the parties' Exemption 4 arguments. *Id.* The Circuit affirmed the court's holding on the claim preclusion issue, and did not address whether the records sought were exempt from disclosure under Exemption 4. *See Taylor v. Blakey*, 490 F.3d 965, 977 (D.C. Cir. 2007). The Supreme Court granted certiorari, *see Taylor v. Sturgell*, 128 S. Ct. 977 (2008), and vacated the Circuit's ruling on the virtual representation issue, *see Taylor v. Sturgell*, 128 S. Ct. 2161, 2167 (2008). Following remand, the plaintiff filed a renewed motion for discovery to which the court now turns. *See generally* Pl.'s 2d Mot. for Disc. ("Pl.'s Mot.").

## II.  ANALYSIS

### A.  Legal Standard for Discovery in FOIA Cases

As a general rule, "[d]iscovery in FOIA [actions] is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."  *Schrecker v. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003); *see also Judicial Watch, Inc. v. Dep't of Justice*, 185 F. Supp. 2d 54, 65 (D.D.C. 2002) (noting that "[d]iscovery is not favored in lawsuits under the FOIA").  Discovery is only appropriate when it appears an agency has not undertaken an adequate search for responsive documents, *Schrecker*, 217 F. Supp. 2d at 35, or, when necessary, to determine the applicability of FOIA disclosure exemptions, *see Miscavige v. Internal Revenue Serv.*, 2 F.3d 366, 369 (11th Cir. 1993); *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978) (holding that the district court may require *in camera* review to determine whether a disclosure exemption applies); *Kay v. Fed. Commc'ns Comm'n*, 976 F. Supp. 23, 33 (D.D.C. 1997).  Discovery is not warranted "when it appears that discovery would only . . . afford[] [the plaintiff] an opportunity to pursue a bare hope of falling upon something that might impugn the affidavits."  *Military Audit Project v. Casey*, 656 F.2d 724, 751-52 (D.C. Cir. 1981) (internal quotations omitted); *see also Broaddrick v. Executive Office of the President*, 139 F. Supp. 2d 55, 63-64 (D.D.C. 2001).  If an agency's affidavits regarding its search are sufficient, the judge has broad discretion to forgo discovery.  *Meeropol v. Meese*, 790 F.2d 942, 960-61 (D.C. Cir. 1986); *see also Schleeper v. Dep't of Justice*, 1999 WL 325515, at *1 (D.C. Cir. Apr. 30, 1999) (per curiam) (affirming the lower court's denial of discovery).  Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits.  *Judicial Watch*, 185 F. Supp. 2d at 65.

### B.  Discovery is Unwarranted at this Time

As this court noted in a prior opinion, *see* Mem. Op. (Aug. 3, 2004), in the exceptional case in which a court permits discovery in a FOIA action, such discovery should only occur after the government has moved for summary judgment, *see, e.g.*, *Miscavige*, 2 F.3d at 369 (holding that a plaintiff's request for discovery is inappropriate until the government has had an opportunity to provide the court with the information necessary to make a decision on the applicable FOIA exemptions); *Krieger v. Fadely*, 199 F.R.D. 10, 14 (D.D.C. 2001) (stating that discovery in FOIA cases should "ordinarily occur after the government moves for summary judgment"); *Murphy v. FBI*, 490 F. Supp. 1134, 1136 (D.D.C. 1980) (asserting that whether a case "warrants discovery is a question of fact that can only be determined after the defendants file their dispositive motion and accompanying affidavits").  Postponing discovery until the government has submitted its dispositive motion and supporting documents allows the court to obtain information necessary to appropriately limit the scope of discovery or forgo it entirely. *See Murphy*, 490 F. Supp. at 1137 (noting that requiring the government to submit its dispositive motion before ordering discovery provides information as to whether discovery is necessary); *see also Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 371 (D.D.C. 1980) (asserting that courts have ample authority to set limitations to protect agencies from oppressive discovery); *Judicial Watch, Inc.*, 185 F. Supp. 2d at 65 (stating that when an agency's supporting documents are insufficient to grant summary judgment, the court may order limited discovery but will typically only require the agency to supplement its supporting declarations).  If, after the government has submitted its motion for summary judgment, the plaintiff is unable to oppose the motion without further discovery, he may file a Rule 56(f) motion.  FED. R. CIV. P. 56(f) (providing that a court may stay a summary judgment motion and order discovery "if a party opposing the motion

shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition"); *see, e.g.*, *Schaffer v. Kissinger*, 505 F.2d 389, 390-91 (D.C. Cir. 1974); *Am. Broad. Co. v. U.S. Info. Agency*, 599 F. Supp. 765, 768 (D.D.C. 1984).

In this case, the plaintiff's motion for discovery seeks information related to (1) whether the design specifications sought were maintained as a trade secret and (2) whether the Fairchild Corporation is truly the record owner of the F-45 certificate. Pl.'s Mot. at 5. The plaintiff claims that without this information, he will be unable to effectively oppose a potential motion for summary judgment made by the defendants. *Id.* at 6. The appropriate mechanism for the plaintiff to seek such relief, however, is through a Rule 56(f) motion filed after the government submits its renewed motion for summary judgment.[1] *See, e.g .*, *Schaffer*, 505 F.2d at 390-91; *Am. Broad. Co.*, 599 F. Supp. at 768. At that point, the court will have had the opportunity to review the merits of the defendants' exemption claim and will be better suited to make a discovery ruling.[2] Accordingly, the court denies the plaintiff's motion without prejudice to reconsideration of a renewed motion filed after the defendants have moved for summary judgment by the date specified in the accompanying Order.

---

[1] In their opposition to the plaintiff's motion for discovery, the defendants state that they will renew their motion for summary judgment but will not pursue the claim preclusion issue. Defs.' Opp'n at 5.

[2] The court is aware that the defendants have previously submitted a motion for summary judgment and supporting documents. Because, however, the court resolved the previous motion solely on claim preclusion grounds, the court declined to address the exemption issue and did not consider the substance of the defendants' argument. *See generally Taylor v. Blakey*, 2005 WL 6003553 (D.D.C. May 12, 2005), *aff'd,* 490 F.3d 965, 977 (D.C. Cir. 2007), *vacated and remanded sub. nom. Taylor v. Sturgell*, 128 S. Ct. 2161 (2008). Furthermore, the defendants' renewed motion may shed additional light on the exemption issue.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's renewed motion for discovery without prejudice to reconsideration of a renewed motion filed after the defendants have moved for summary judgment.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 15th day of December, 2009.

                                                                     RICARDO M. URBINA
                                                                     United States District Judge